| | |
|---|---|
| CLAY G. PLAISANCE, | 15TH JUDICIAL DISTRICT COURT |
| CGP MANAGEMENT, INC., | |
| KIRBY PLAISANCE AND | |
| KDP MANAGEMENT, INC. | DOCKET NO. 20173828 L |
| | |
| VERSUS | |
| | |
| ADVANCED REIMBURSEMENT | PARISH OF LAFAYETTE |
| MANAGEMENT, LLC; NTHRIVE, INC.; | |
| NTHRIVE SOLUTIONS, INC.; NTHRIVE | |
| REVENUE SYSTEMS, LLC; OPTIMUM | |
| OUTCOMES, INC.; OPTIMUM | |
| OUTCOMES HEALTHCARE | STATE OF LOUISIANA |
| MANAGEMENT, LLC; HCR HEALTH- | |
| CARE RESOURCES, LLC; HCR | |
| FINANCIAL GROUP, LLC; AND | |
| PINNACLE HEALTHCARE GROUP | |
| OF LOUISIANA, LLC | |

**************************************************************************

## PETITION FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Mr. Clay G. Plaisance ("Mr. Clay Plaisance"), CGP Management, Inc. ("CGP Management"), Mr. Kirby Plaisance ("Mr. Kirby Plaisance") and KDP Management, Inc. ("KDP Management") (collectively referred to as "Petitioners"), who submit this Petition for Declaratory Judgment and who, with full reservation of all rights, causes of actions, claims, defenses and objections, assert as follows:

1.

Mr. Clay Plaisance and Mr. Kirby Plaisance are both individuals of the lawful age of majority who currently reside in Lafayette, Louisiana.

2.

CGP Management, Inc. is a Louisiana corporation with its principal place of business in Lafayette, Louisiana. KDP Management, Inc. is a Louisiana corporation with its principal place of business in Lafayette, Louisiana.

3.

Named as Defendants herein are the following parties (sometimes collectively referred to herein as "Defendants"):

a. Advanced Reimbursement Management, LLC, a Delaware limited liability company who is duly authorized to do business in the State of Louisiana ("Advanced Reimbursement Management"),

b. nThrive, Inc., a Delaware corporation who is not registered to do business in the State of Louisiana ("nThrive"),

c. nThrive Solutions, Inc., a Delaware corporation who is duly authorized to do

business in the State of Louisiana ("nThrive Solutions"),

    d.    nThrive Revenue Systems, LLC, a Delaware limited liability company who is duly authorized to do business in the State of Louisiana ("nThrive Revenue Systems"),

    e.    Optimum Outcomes, Inc., a Delaware corporation who is duly authorized to do business in the State of Louisiana ("Optimum Outcomes"),

    f.    Optimum Outcomes Healthcare Management, LLC, a Delaware limited liability company who is not registered to do business in the State of Louisiana ("Optimum Outcomes Healthcare Management"),

    g.    HCR Healthcare Resources, LLC, a Louisiana limited liability company who is duly authorized to do business in the State of Louisiana ("HCR Healthcare"),

    h.    HCR Financial Group, LLC, a Louisiana limited liability company who is duly authorized to do business in the State of Louisiana ("HCR Financial"), and

    i.    Pinnacle Healthcare Group of Louisiana, LLC, a Louisiana limited liability company who is duly authorized to do business in the State of Louisiana ("Pinnacle").

4.

Jurisdiction and venue are proper with the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana. In this regard, the Defendants have conducted business in the State of Louisiana, including the Parish of Lafayette. Alternatively, one or more Defendants are affiliates of one or more of the other Defendants and purport to seek the benefits of the contracts at issue herein or who otherwise have an interest herein. Additionally, Petitioners are seeking a declaratory judgment as to contracts that were entered into and/or which were negotiated, in whole or in part, in Lafayette Parish, Louisiana and/or for which performance occurred or was to occur, in whole or in part, in Lafayette Parish, Louisiana.

5.

The parties named as Defendants are either parties to certain contracts placed at issue herein or who are otherwise affiliated or purport to obtain the benefits of the contracts at issue. Alternatively, all named defendants are parties in interest to the dispute presented herein.

6.

On or about February 10, 2015, HCR Healthcare and Pinnacle (entities with whom Mr. Clay Plaisance and Mr. Kirby Plaisance were affiliated) sold all or substantially all of their assets to Advanced Reimbursement Management. The sale was effectuated through an Asset Purchase

Agreement. In connection with such sale, a Restrictive Covenant Agreement was executed by and among Advanced Reimbursement Management, HCR Healthcare, HCR Financial, Pinnacle, Mr. Clay Plaisance and Mr. Kirby Plaisance. All such entities and persons are signatories to said Restrictive Covenant Agreement dated February 10, 2015.

7.

At the time of the referenced sale, HCR Healthcare and Pinnacle were both Louisiana limited liability companies with their principal offices and principal place of business located in Lafayette, Louisiana. HCR Healthcare and Pinnacle's operations were based in Lafayette, Louisiana. Mr. Clay Plaisance and Mr. Kirby Plaisance managed and/or operated said entities working principally in Lafayette, Louisiana. After the sale, business operations continued from the company's principal place of business and offices in Lafayette, Louisiana.

8.

Due diligence for the referenced sale occurred or originated, in whole or in part, in Lafayette, Louisiana and negotiations principally took place in Lafayette, Louisiana.

9.

In connection with the above-referenced sale, Mr. Clay Plaisance and Mr. Kirby Plaisance were each required to sign a Restrictive Covenants Agreement. The Restrictive Covenants Agreements are dated February 10, 2015 and purport to create non-competition and non-solicitation restrictions and obligations. The terms and conditions of each of the referenced Restrictive Covenants Agreements are the same and are referred to herein collectively as the "Restrictive Covenants Agreement."

10.

In connection with the referenced sale, Advance Reimbursement Management desired to retain the services of Mr. Clay Plaisance through a consulting arrangement. In this regard, Advance Reimbursement Management entered into a Consulting Agreement with CGP Management. CGP Management's member and manager is Mr. Clay Plaisance. A Consulting Agreement was entered into on or about February 10, 2015. The Agreement required that Mr. Clay Plaisance personally render services for or on behalf of Advanced Reimbursement Management through CGP Management. The Consulting Agreement purports to create non-competition and non-solicitation restrictions and obligations.

11.

Advanced Reimbursement Management also desired to retain the services of Mr. Kirby Plaisance through a consulting arrangement. In this regard, Advanced Reimbursement Management, LLC entered into a Consulting Agreement with KDP Management. KDP Management's member and manager is Mr. Kirby Plaisance. A Consulting Agreement was entered into on or about February 10, 2015. The Agreement required that Mr. Kirby Plaisance personally render services for and on behalf of Advanced Reimbursement Management through KDP Management. The Consulting Agreement purports to create non-competition and non-solicitation restrictions and obligations.

12.

Mr. Clay Plaisance, CGP Management, Mr. Kirby Plaisance and KDP Management are no longer rendering services to or on behalf of Advanced Reimbursement Management or any of the other Defendants and their services pursuant to the Consulting Agreement have been disengaged.

13.

The terms and conditions of CGP Management's Consulting Agreement with Advanced Reimbursement Management and the terms and conditions of KDP Management's Consulting Agreement with Advanced Reimbursement Management are the same. As such, said Agreements are referred to herein collectively as the "Consulting Agreement."

14.

According to the non-competition section of the Restrictive Covenants Agreement, Advance Reimbursement Management purports to restrict Mr. Clay Plaisance and Mr. Kirby Plaisance from engaging in a competing business in the entirety of the United States of America for the shorter of a period of five (5) years from the date of the Restrictive Covenants Agreement or a time period which is permitted under applicable law.

15.

Under the Restrictive Covenants Agreement, Advanced Reimbursement Management purports to restrict Mr. Clay Plaisance and Mr. Kirby Plaisance from soliciting customers during the same time period as the purported non-competition restriction. The purported non-solicitation restriction, however, does not provide a geographic territory.

16.

Under the Consulting Agreement, Advanced Reimbursement Management purports to restrict Mr. Clay Plaisance, CGP Management, Mr. Kirby Plaisance and KDP Management from engaging in a competing business in the entirety of the United States of America for a period of two (2) years following the term of the Agreement.

17.

Under the Consulting Agreement, Advanced Reimbursement Management purports to restrict Mr. Clay Plaisance, CGP Management, Mr. Kirby Plaisance and KDP Management from soliciting customers for the same time period as the purported non-competition restriction. The purported non-solicitation of customer restriction, however, does not set forth a geographic territory.

18.

The Petitioners contest and dispute the enforceability of the purported non-competition and non-solicitation restrictions in the Restrictive Covenant Agreement and the Consulting Agreement. In this regard, Petitioners assert that the restrictions fail to comply with La.R.S. 23:921 and that, as a matter of law, the purported restrictions are unenforceable. Petitioners assert that Louisiana law applies to enforceability of the purported restrictions in the referenced agreements.

19.

As of the date of the filing of this Petition, Petitioners are not engaging in a competing business with any one or more of the Defendants and they are not soliciting the customers of any one or more of the Defendants. Additionally, Mr. Clay Plaisance and Mr. Kirby Plaisance are not employed by and have not otherwise engaged their services with any competitor of any one or more of the Defendants. The Petitioners are considering whether or not to engage in a competitive business with any one or more of the Defendants and they dispute the enforceability of the purported non-competition and non-solicitation restrictions contained in the Restrictive Covenant Agreement and the Consulting Agreement. As such, Petitioners seek a declaratory judgment as to their legal status and rights under the referenced agreements and the enforceability of any purported restrictions contained in said agreements.

20.

According to La.R.S. 23: 921, every contract or agreement, or provisions thereof, by

which anyone is restrained from exercising a lawful profession, trade or business of any kind, shall be null and void, unless the agreement strictly complies with said statute. La.R.S. 23:921 provides that any such contract shall be limited to two (2) years in duration and shall specify the parishes in the State of Louisiana (or the counties in other states) where competition and solicitation of business is prohibited and the party attempting to obtain restrictive covenants must actually be doing business in said parishes (or counties). A wholesale listing of states or a designation of the entirety of the United States of America fails to comply with La.R.S. 23:921.

21.

With regard to the Restrictive Covenants Agreement, a five (5) year restriction on competition and solicitation of customers fails to comply with La.R.S. 23:921. Additionally, the restricted territory for competition of the entirety of the United States of America contained in the Restrictive Covenants Agreement fails to comply with La.R.S. 23:921. Moreover, the purported non-solicitation restrictions do not even contain a designated territory resulting in their failure to comply with La.R.S. 23:921, which requires a designation of parishes and/or counties in which solicitation cannot occur.

22.

With regard to the Consulting Agreement, its designated restricted territory for competition of the entirety of the United States of America does not comply with the requirements of La.R.S. 23:921. Moreover, the purported non-solicitation restrictions do not even contain a designated territory resulting in their failure to comply with La.R.S. 23:921, which requires a designation of parishes and/or counties in which solicitation cannot occur.

23.

Additionally, and to the extent that any of the Defendants assert the Restrictive Covenants Agreement and the Consulting Agreement have been assigned by Advanced Reimbursement Management to any of the Defendants, Petitioners did not consent to such assignment and, as such, any purported assignment is void or unenforceable. Alternatively, there is a lack of consideration or failure of consideration for any purported assignment.

24.

Petitioners assert that Louisiana law applies to the enforceability of the subject agreements and the restrictive covenants at issue herein, as well as to the adjudication of any and all other matters presented herein or ancillary hereto and that the 15th Judicial District Court for

the Parish of Lafayette, State of Louisiana is the proper forum for adjudication of this dispute. Any choice of law or choice of forum clauses contained in the Restrictive Covenants Agreement or Consulting Agreement are null, void and unenforceable pursuant to La.R.S. 23:921(A)(2). Additionally and/or alternatively, any choice of law or choice of forum clauses contained in the Restrictive Covenants Agreement or Consulting Agreement violate Louisiana's public policy and/or, alternatively, conflict of law principles dictate the application of Louisiana law.

25.

Petitioners hereby seek a declaratory judgment declaring the following:

a. Louisiana law applies to the adjudication of any and all issues and disputes presented herein and the enforceability of the purported non-competition and non-solicitation restrictions set forth in the Restrictive Covenants Agreement and Consulting Agreement.

b. The purported non-competition and non-solicitation restrictions contained in the Restrictive Covenants Agreement and Consulting Agreement are unenforceable.

c. Petitioners are not restricted from engaging, in any capacity, in a competing business with any of the Defendants.

d. Petitioners are not restricted from soliciting, accepting and conducting business with any former, current or prospective customers and vendors of any of the Defendants.

26.

Based on the foregoing, a present case in controversy exists between and among Petitioners and Defendants. In this regard, the respective parties have either a direct or indirect interest in a written contract and have an interest in the rights, status or other legal relations affected by the Restrictive Covenants Agreement and the Consulting Agreement. As such, Petitioners are seeking a determination of the validity, as well as the enforceability or scope of enforcement, of the Restrictive Covenants Agreement and Consulting Agreement, as well as other legal rights, status and legal relations as related to said agreements or by operation of law. Petitioners seek to have this Honorable Court declare the rights, status or other legal relations of them and Defendants and to construe, interpret or apply the Restrictive Covenants Agreement and Consulting Agreement. Petitioners seek a declaratory judgment pursuant to La.C.C.P Art. 1871, et seq., including, but in no way limited to, La.C.C.P. Art. 1871, La.C.C.P. Art. 1872 and La.C.C.P. Art. 1873. Petitioners further seek all other available relief as provided by La.C.C.P. Art. 1871, et seq. or as otherwise provided by law or equity.

27.

Pursuant to La.C.C.P. Art. 1880, all parties who may have any interest in the subject agreements and/or who would be affected by the declaratory relief sought have been made party defendants herein. In this regard, La.C.C.P. Art. 1880 mandates that all parties to a contract who may have any interests therein and/or who may be affected by a declaratory judgment shall be made and named as defendants in a declaratory judgment action seeking the determination as to rights or status under such contract.

28.

This Petition is being filed with full reservation of all rights and claims, with the right to assert additional claims and relief and with the right to amend and supplement this Petition. Additionally, Petitioners reserve the right to assert separate legal claims and separate legal relief.

WHEREFORE, premises considered, Mr. Clay G. Plaisance, CGP Management, Inc., Mr. Kirby Plaisance and KDP Management, Inc. pray that this Petition be granted and that a declaratory judgment be issued and entered by this Honorable Court declaring and ordering the following:

a. Louisiana law applies to the adjudication of any and all issues and disputes presented herein and the enforceability of the purported non-competition and non-solicitation restrictions set forth in the Restrictive Covenants Agreement and Consulting Agreement.

b. The purported non-competition and non-solicitation restrictions contained in the Restrictive Covenants Agreement and Consulting Agreement are unenforceable.

c. Mr. Clay Plaisance, CGP Management, Inc., Mr. Kirby Plaisance and KDP Management, Inc. are not restricted from engaging, in any capacity, in a competing business with any one or more of the following Defendants: Advanced Reimbursement Management, LLC, nThrive, Inc., nThrive Solutions, Inc., nThrive Revenue Systems, LLC, Optimum Outcomes, Inc., Optimum Outcomes Healthcare Management, LLC, HCR Healthcare Resources, LLC, HCR Financial Group, LLC, and/or Pinnacle Healthcare Group of Louisiana, LLC.

d. Mr. Clay Plaisance, CGP Management, Inc., Mr. Kirby Plaisance and KDP Management, Inc. are not restricted from soliciting, accepting and conducting business with any former, current or prospective customers and vendors of any one or more of the following Defendants: Advanced Reimbursement Management, LLC, nThrive, Inc., nThrive Solutions, Inc., nThrive Revenue Systems, LLC, Optimum Outcomes, Inc., Optimum Outcomes Healthcare

Management, LLC., HCR Healthcare Resources, LLC, HCR Financial Group, LLC and Pinnacle Healthcare Group of Louisiana, LLC.

Mr. Clay Plaisance, CGP Management, Inc., Mr. Kirby Plaisance and KDP Management, Inc. further pray for any and all just, legal and equitable relief.

Respectfully submitted,

BABINEAUX, POCHE', ANTHONY
& SLAVICH, L.L.C.

BY:_____
JOEL P. BABINEAUX (LA #21455)
Email: jbabineaux@bpasfirm.com
FRANK S. SLAVICH, III (LA #27087)
E-mail: fslavich@bpasfirm.com
SARAH B. DUPONT (LA #35048)
E-mail: sdupont@bpasfirm.com
Post Office Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503
ATTORNEYS FOR MR. CLAY PLAISANCE,
CGP MANAGEMENT, INC., MR. KIRBY
PLAISANCE AND KDP MANAGEMENT, INC.

**PLEASE SERVE THE FOLLOWING DEFENDANTS:**

ADVANCED REIMBURSEMENT MANAGEMENT, LLC
THROUGH ITS REGISTERED AGENT
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

NTHRIVE SOLUTIONS, INC.
THROUGH ITS REGISTERED AGENT
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

NTHRIVE REVENUE SYSTEMS, LLC
THROUGH ITS REGISTERED AGENT
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

OPTIMUM OUTCOMES, INC.
THROUGH ITS REGISTERED AGENT
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

FILED THIS 30 DAY OF June 2017
TRUE COPY ATTEST, LAFAYETTE, LA

_____
Deputy Clerk of Court

**PLEASE WITHHOLD SERVICE AT THIS TIME FOR THE FOLLOWING DEFENDANTS:**

NTHRIVE, INC.

OPTIMUM OUTCOMES HEALTHCARE MANAGEMENT, LLC

HCR HEALTHCARE RESOURCES, LLC

HCR FINANCIAL GROUP, LLC

PINNACLE HEALTHCARE GROUP OF LOUISIANA, LLC

| | |
|---|---|
| CLAY G. PLAISANCE, <br> CGP MANAGEMENT, INC., <br> KIRBY PLAISANCE AND <br> KDP MANAGEMENT, INC. <br><br> VERSUS <br><br> ADVANCED REIMBURSEMENT MANAGEMENT, LLC; NTHRIVE, INC.; NTHRIVE SOLUTIONS, INC.; NTHRIVE REVENUE SYSTEMS, LLC; OPTIMUM OUTCOMES, INC.; OPTIMUM OUTCOMES HEALTHCARE MANAGEMENT, LLC; HCR HEALTHCARE RESOURCES, LLC; HCR FINANCIAL GROUP, LLC; AND PINNACLE HEALTHCARE GROUP OF LOUISIANA, LLC | 15TH JUDICIAL DISTRICT COURT <br><br> DOCKET NO. 2017-3828L <br><br> PARISH OF LAFAYETTE <br><br> STATE OF LOUISIANA |

******************************************************************

## REQUEST FOR NOTICE OF DATE OF TRIAL, HEARINGS, ORDERS AND PLEADINGS

TO THE CLERK OF COURT of the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana:

PLEASE TAKE NOTICE that Joel P. Babineaux, Frank S. Slavich, III and Sarah B. Dupont of the law firm of Babineaux, Poché, Anthony & Slavich, L.L.C., attorneys for Mr. Clay G. Plaisance, CGP Management, Inc., Mr. Kirby Plaisance and KDP Management, Inc. do hereby request written notice of the date of trial of the above matter as well as notice of hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of Court, as provided in Louisiana Code of Civil Procedure, particularly Articles 1572, 1913 and 1914.

Respectfully submitted,

BABINEAUX, POCHE', ANTHONY
& SLAVICH, L.L.C.

BY: _____
JOEL P. BABINEAUX (LA #21455)
Email: jbabineaux@bpasfirm.com
FRANK S. SLAVICH, III (LA #27087)
E-mail: fslavich@bpasfirm.com
SARAH B. DUPONT (LA #35048)
E-mail: sdupont@bpasfirm.com
Post Office Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503
ATTORNEYS FOR MR. CLAY PLAISANCE,
CGP MANAGEMENT, INC., MR. KIRBY
PLAISANCE AND KDP MANAGEMENT, INC.

FILED THIS 30 DAY OF June 20 17
TRUE COPY ATTEST, LAFAYETTE, LA

_____
Deputy Clerk of Court

**PLEASE SERVE THE FOLLOWING DEFENDANTS:**

ADVANCED REIMBURSEMENT MANAGEMENT, LLC
THROUGH ITS REGISTERED AGENT
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

NTHRIVE SOLUTIONS, INC.
THROUGH ITS REGISTERED AGENT
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

NTHRIVE REVENUE SYSTEMS, LLC
THROUGH ITS REGISTERED AGENT
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

OPTIMUM OUTCOMES, INC.
THROUGH ITS REGISTERED AGENT
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

**PLEASE WITHHOLD SERVICE AT THIS TIME FOR THE FOLLOWING DEFENDANTS:**

NTHRIVE, INC.

OPTIMUM OUTCOMES HEALTHCARE MANAGEMENT, LLC

HCR HEALTHCARE RESOURCES, LLC

HCR FINANCIAL GROUP, LLC

PINNACLE HEALTHCARE GROUP OF LA, LLC